

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Hempstead, Texas

Dear Sir:

Opinion No. O-6220
Re: Emergency amendments to
county budgets, and re-
lated question.

We quote as follows from your request for the advice of this department:

"In reference to the Budget Law, an opinion rendered by the Attorney General of Texas on July 21, 1939 to R. S. Wych, County Auditor, Gregg County, being numbered O-1053 and being on page 282 of the Annual Opinion Report of The Attorney General of Texas, 1939, reads as follows:

"'After the county budget has been finally approved by the commissioners' court, the commissioners' court would not be authorized to amend the original budget, unless the expenditures set out in the amendment to the budget were emergency expenditures and were caused and necessitated by a grave public necessity to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget. Article 689a, V.A.C.S.'

"The question now arises as to whether the Commissioners' Court has sole authority in determining whether there exists such grave public necessity, 'caused by unusual and unforeseen conditions, etc.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr., page 2

"To use a specific example, assuming the following approved Budget Allotments for Road and Bridge Fund:

| | 1944 Est. Budget Expenditures Precinct No.1 | Spent to Date | Unspent Balance |
|---|---|---|---|
| **I. MAINTENANCE** | | | |
| Earth and Gravel Roads | | | |
| (a) Wages | $5000 | $3000 | $2000 |
| (b) Materials and supplies | 3000 | 1000 | 2000 |
| (c) Equipment operation | 2000 | 900 | 1100 |
| **II. CAPITAL OUTLAY** | | | |
| 1. New Construction | None | None | None |
| 2. Purchase of Equipment | None | None | None |
| TOTAL | $10,000 | $4,900 | $5,100 |

"Under the Budget set up and approved as above, there is no budget funds set up for 'Purchase of Equipment'. All machinery is actually in operating condition. However, let us assume that Commissioners' Court, by order, declares an emergency, orders budget amended to purchase, for cash, other equipment, either replacing present equipment, or an addition to present equipment. We assume that expenditures at end of Budget year would be $15,000 instead of Budgeted $10,000.

"The above case is taken only for the purpose of illustrating the fact that no actual emergency does exist which 'could not have been foreseen etc.,' and that such act by Commissioners' Court was clearly for the purpose of circumventing the Budget limitations.

"If commissioners' court can so act, and be within its legal authority, and if that body is

Honorable W. P. Herms, Jr., page 3

the sole judge in determining whether such emergency exists, then, in practice, commissioners' court can circumvent budget limitations at almost any time it desires.

"Since the County Auditor is charged with 'the general oversight of County finances', I need your opinion regarding my duty or authority, as County Auditor, regarding this matter.

"Summarizing, I need your opinion on the following questions:

"1. For the purposes of amending the Budget, does Commissioners' Court have sole authority in determining whether such emergency conditions exist as set out in Article 689a V.A.C.S.?

"2. What is the duty and authority of County Auditor in regard to the facts of whether or not such emergency exists?

"3. When it is clearly apparent that such emergency order of the Commissioners' Court amending said Budget, is done for the sole purpose of circumventing Budget limitations, then, and under those conditions, does County Auditor have the authority to refuse to recognize such budget amendment?

"4. If your answer to No. 3 above is 'No' then what remedy can be had to prevent such action, and what is Auditor's duty regarding such remedy?

"I shall greatly appreciate your opinion regarding this matter, since same will determine the probably future practical effectiveness of the Budget law in this County.

"    . . . ."

Honorable W. P. Herms, Jr., page 4

For answer to your first question, we enclose a copy of our opinion No. 0-1022, ruling that under Article 689a-11, the Commissioners' Court is the sole agency having the discretionary power to determine the existence of such facts as would constitute an emergency justifying a budget amendment.

Answering your third question, we advise that if the Commissioners' Court has acted fraudulently or has arbitrarily declared the existence of an emergency when none in fact exists, and such action on the part of the court was taken for the sole purpose of evading and circumventing the law regulating budget amendments, then you would be remiss in your duties as an officer if you did not take appropriate action to protect the county funds.

Your second and fourth questions relate to your powers and duties under such circumstances in controlling the fiscal affairs of the county. Article 1651 makes it your duty to "see to the strict enforcement of the law governing county finances." This would certainly include the duty of enforcing the terms and provisions of the county budget.

Article 1660 provides that no claim, bill or account against the county shall be allowed or paid until it has been examined and approved by the Auditor. He is prohibited by Article 1661 from auditing or approving any such claim for the purchase of supplies or materials for the use of the county or any of its officers unless all requirements of law are complied with. And finally, Article 1661 provides that all warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor.

Your remedy under the law, where the Commissioners' Court should act illegally in amending the budget, would be to refuse to audit or approve claims filed under the attempted amendment and to refuse to countersign warrants on the county treasurer against funds unlawfully set aside for the purpose.

We wish it distinctly understood that we are not expressing any opinion on whether your hypothetical statement

of facts, absent your own conclusions, would amount to an illegal abuse of discretion on the part of a Commissioners' Court. Each case arising must be judged by its own particular facts.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Elbert Hooper*
Elbert Hooper
Assistant

EH:db

APPROVED OCT 9 1944

*Carlos C. Ashley*

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB